JS 44 (Rev. 08/18)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law,  except as provided by local rules of court.  This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet.  *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS

Benjamin Nduagubu

## DEFENDANTS

Essex County, Irvington Township, Irvington Township Police Department, Officer Stephan Antoines, Officer Kyle Alleyne, Officer Frazer, Matthew Funk, Dana Kutzleb, Stella Okeke Nduagubu, and John Doe Police Officers 1-5

**(b)** County of Residence of First Listed Plaintiff   Essex County, NJ
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant   Essex County, NJ
*(IN U.S. PLAINTIFF CASES ONLY)*

NOTE:   IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*

Goldberg, Miller & Rubin, P.C., 155 Passaic Avenue, Suite 410, Fairfield, NJ 07004

Attorneys *(If Known)*

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

- ☐ 1  U.S. Government  Plaintiff
- ☐ 2  U.S. Government  Defendant
- ☒ 3  Federal Question  *(U.S. Government Not a Party)*
- ☐ 4  Diversity  *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)*
*(For Diversity Cases Only)*

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated *or* Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated *and* Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

Click here for: Nature of Suit Code Descriptions.

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 422 Appeal 28 USC 158 | ☐ 375 False Claims Act |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 365 Personal Injury - Product Liability | ☐ 690 Other | ☐ 423 Withdrawal 28 USC 157 | ☐ 376 Qui Tam (31 USC 3729(a)) |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 367 Health Care/ Pharmaceutical Personal Injury Product Liability | | | ☐ 400 State Reapportionment |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | | | **PROPERTY RIGHTS** | ☐ 410 Antitrust |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | | | ☐ 820 Copyrights | ☐ 430 Banks and Banking |
| ☐ 151 Medicare Act | ☐ 340 Marine | ☐ 368 Asbestos Personal Injury Product Liability | | ☐ 830 Patent | ☐ 450 Commerce |
| ☐ 152 Recovery of Defaulted Student Loans (Excludes Veterans) | ☐ 345 Marine Product Liability | **PERSONAL PROPERTY** | | ☐ 835 Patent - Abbreviated New Drug Application | ☐ 460 Deportation |
| | | ☐ 370 Other Fraud | **LABOR** | ☐ 840 Trademark | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 371 Truth in Lending | ☐ 710 Fair Labor Standards Act | **SOCIAL SECURITY** | ☐ 480 Consumer Credit |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 380 Other Personal Property Damage | ☐ 720 Labor/Management Relations | ☐ 861 HIA (1395ff) | ☐ 485 Telephone Consumer Protection Act |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | ☐ 385 Property Damage Product Liability | ☐ 740 Railway Labor Act | ☐ 862 Black Lung (923) | ☐ 490 Cable/Sat TV |
| ☐ 195 Contract Product Liability | ☐ 362 Personal Injury - Medical Malpractice | | ☐ 751 Family and Medical Leave Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 196 Franchise | | | | ☐ 864 SSID Title XVI | ☐ 890 Other Statutory Actions |
| | | | ☐ 790 Other Labor Litigation | ☐ 865 RSI (405(g)) | ☐ 891 Agricultural Acts |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 791 Employee Retirement Income Security Act | **FEDERAL TAX SUITS** | ☐ 893 Environmental Matters |
| ☐ 210 Land Condemnation | ☒ 440 Other Civil Rights | **Habeas Corpus:** | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 895 Freedom of Information Act |
| ☐ 220 Foreclosure | ☐ 441 Voting | ☐ 463 Alien Detainee | | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 896 Arbitration |
| ☐ 230 Rent Lease & Ejectment | ☐ 442 Employment | ☐ 510 Motions to Vacate Sentence | | | ☐ 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| ☐ 240 Torts to Land | ☐ 443 Housing/ Accommodations | ☐ 530 General | | | |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment | ☐ 535 Death Penalty | **IMMIGRATION** | | ☐ 950 Constitutionality of State Statutes |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other | **Other:** | ☐ 462 Naturalization Application | | |
| | ☐ 448 Education | ☐ 540 Mandamus & Other | ☐ 465 Other Immigration Actions | | |
| | | ☐ 550 Civil Rights | | | |
| | | ☐ 555 Prison Condition | | | |
| | | ☐ 560 Civil Detainee - Conditions of Confinement | | | |

## V. ORIGIN *(Place an "X" in One Box Only)*

- ☒ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from Another District *(specify)*
- ☐ 6 Multidistrict Litigation - Transfer
- ☐ 8 Multidistrict Litigation - Direct File

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
42 U.S.C. 1983

Brief description of cause:

## VII. REQUESTED IN COMPLAINT:

☐ CHECK IF THIS IS A **CLASS ACTION** UNDER RULE 23, F.R.Cv.P.

DEMAND $

CHECK YES only if demanded in complaint:
JURY DEMAND:  ☒ Yes  ☐ No

## VIII. RELATED CASE(S) IF ANY

*(See instructions):*

JUDGE

DOCKET NUMBER

DATE
02/17/2023

SIGNATURE OF ATTORNEY OF RECORD

**FOR OFFICE USE ONLY**

RECEIPT #          AMOUNT          APPLYING IFP          JUDGE          MAG. JUDGE

**GOLDBERG, MILLER & RUBIN**
A Professional Corporation
155 Passaic Avenue, Suite 410
Fairfield, NJ 07004
(973) 842-7720
Matthew Moroney, Esq.
mmoroney@gmrlawfirm.com
Attorney ID No.: 017042002
Attorney for Plaintiff

### IN THE UNITED STATES DISTRICT COURT
### FOR THE DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| **BENJAMIN NDUAGUBU** | : | |
| | : | **CIVIL ACTION** |
| **Plaintiff,** | : | **NO.** |
| vs. | : | |
| | : | |
| **ESSEX COUNTY** | : | |
| | : | |
| **and** | : | |
| | : | |
| **IRVINGTON TOWNSHIP** | : | |
| | : | |
| **and** | : | |
| | : | |
| **IRVINGTON TOWNSHIP POLICE DEPARTMENT** | : | |
| | : | |
| **and** | : | |
| | : | |
| **OFFICER STEPHAN ANTOINES** | : | |
| | : | |
| **and** | : | |
| | : | |
| **OFFICER KYLE ALLEYNE** | : | |
| | : | |
| **and** | : | |
| | : | |
| **OFFICER FRAZER** | : | |
| | : | |
| **and** | : | |
| | : | |
| **MATTHEW FUNK** | : | |
| | : | |
| **and** | : | |
| | : | |
| **DANA KUTZLEB** | : | |
| | : | |
| **and** | : | |
| | : | |
| **STELLA OKEKE NDUAGUBU** | : | |
| | : | |
| **and** | : | |
| | : | |
| **JOHN DOE POLICE OFFICERS 1-5** | : | |
| | : | |
| **Defendants.** | : | |

## I.  INTRODUCTION

1.    This action for declaratory, injunctive, and other appropriate relief is brought by Plaintiff,

Benjamin Nduagubu to redress the intentional violations of his rights secured to him by the laws

of the United States of America by the Defendants who, using excessive force, falsely arrested

and imprisoned him, and thereafter maliciously prosecuted him, for allegedly harassing his then

wife by allegedly "tampering" with the stove, turning the heat down in the living room at night

while his children were sleeping in their heated bedroom, and by throwing left-over food in the

trash.  Specifically, Defendants caused Plaintiff serious bodily injury when they intentionally

forced Plaintiff's head into the front door of his apartment building while his hands were

handcuffed behind his back.  The Defendants engaged in acts of malicious prosecution, malicious

use and abuse of process, false arrest, false imprisonment, excess force, along with violations of

procedural and substantive due process.

## II.  JURISDICTION

2.    Jurisdiction is conferred upon this court by the First, Fourth, Fifth, and Fourteenth Amendments
of the Constitution of the United States and 42 U.S.C. § 1983 which provide original jurisdiction
for Plaintiff's claims.

3.    Jurisdiction over the state law claims is based on the principles of supplemental jurisdiction, as
codified at 28 U.S.C. § 1367.

4.    The amount in controversy exceeds one hundred and fifty thousand dollars ($150,000.00)

## III. VENUE

5.    All actions complained of herein have taken place within the jurisdiction of the United States
District Court for the District of New Jersey and involve Defendants who reside within the
jurisdictional limits. Venue is accordingly invoked pursuant to the dictates of the 28 U.S.C §
1391(b) and (c).

## IV. PARTIES

6.    Benjamin Nduagubu ("Plaintiff or Mr. Nduagubu") is an individual residing at 1765 Manor
Drive, Apartment A, Irvington, New Jersey.

7. Defendant, Essex County is a county located in New Jersey.

8. Defendant, Irvington Township is a municipality located in Essex County, New Jersey.

9. Defendant, Irvington Township Police Department is duly authorized police department located at 1 Civic Square West, Irvington, New Jersey.

10. Defendant, Stephan Antoines ("Antoines") is or was a police officer for the Irvington Police Department located at 1 Civic Square West, Irvington, New Jersey.

11. Defendant, Kyle Alleyne ("Alleyne') is or was a police officer for the Irvington Police Department located at 1 Civic Square West, Irvington, New Jersey.

12. Defendant, Officer Frazer ("Frazer"), who is a female, is or was a police officer for the Irvington Police Department located at 1 Civic Square West, Irvington, New Jersey.

13. Defendant, Matthew Funk, is or was an assistant Essex County Prosecutor located at the Essex County New Courts Building, Newark, New Jersey.

14. Defendant, Dana Kutzleb, is or was an assistant Essex County Prosecutor located at the Essex County New Courts Building, Newark, New Jersey.

15. Defendant, Stella Okeke Nduagubu ("Ms. Nduagubu") is an individual who resided at 1765 Manor Drive, Irvington, New Jersey during the relevant time.

16. Defendants, John Does 1-5 are police officers at the Irvington Police Department located at 1 Civic Square West, Irvington, New Jersey.

## V. FACTS

17. As of February 17, 2021, Plaintiff was living with his then spouse, Stella Okeke Nduagubu ("Ms. Nduagubu") and three (3) children. Plaintiff and Ms. Nduagubu are now in divorce proceedings. Plaintiff currently has primary custody of the children.

18. Before February 17, 2021, Plaintiff had no prior criminal record and had no prior history of threats, harassment, irrational behavior, or violence as to his former spouse or children. Defendants were at all times aware of this fact. It is standard practice for the police to run an arrest record when responding to and investigating an alleged domestic harassment/ threats incident.

19. On February 17, 2021, Ms. Nduagubu, apparently not happy with her marriage, was acting in an irrational manner. She falsely claimed to the Defendant responding police officers that Plaintiff

"tampered" with the gas stove in the couples' residence so as to potentially cause harm through a gas leak. The word tampered has quotation marks around it because the stove was not tampered with, and no reasonable person would conclude the alleged facts, if true, that the stove in the Plaintiff's apartment was "tampered" with.

20.     In response to Ms. Nduagubu's complaints, the Irvington Fire Department responded to Plaintiff's residence during the early morning hours on February 17, 2021. The Irvington Fire Department checked for gas issues and there was none found. The Irvington Fire Department then turned the gas off and turned the scene over to the Irvington Police Department, who also arrived.

21.     The police officers at the residence, who consisted of Antoines, John Doe officer #1 (female officer) and John Doe officer #2 (male officer) asked Plaintiff 's then spouse if he was ever abusive towards her and she responded, "No". The police officers then informed Ms. Nduagubu that her displeasure with Plaintiff was not a criminal matter and that she can file for divorce.

22.     However, one of the police officers took Ms. Nduagubu aside and advised that they could get Plaintiff removed from the residence via a restraining order. The officers and Ms. Nduagubu exchanged phone numbers.

23.     After the police left, as it was still the earlier morning hours, Plaintiff put his children back to bed and he went to bed as well. Plaintiff later woke up and left the residence as he had to take care of errands including tending to his sick father at a nursing home.

24.     While Plaintiff was taking care of these errands, unbeknownst to him, Ms. Nduagubu, through the assistance of police, including Frazer and Alleyne, obtained a temporary restraining order ("TRO") against him. Ms. Nduagubu also called the police a second time and reported that Plaintiff caused a gas issue again. The Fire Department again concluded there were no issues. Ms. Nduagubu was then taken to the police station to obtain a TRO.

25.     After Plaintiff returned to the residence, Alleyne arrived and handed Plaintiff the TRO. Alleyne demanded Plaintiff sign the delivery copy of the TRO without allowing Plaintiff the opportunity

to read the document.  Alleyne specifically stated that Plaintiff could not read the TRO (At this time, Plaintiff did not know what was going on).

26.     Plaintiff was then instructed to pack up his belongings and leave the premises. As Plaintiff was backing his belongings, Alleyne made a call on radio and reported that Plaintiff did not sign the TRO, then Frazer came and demanded that Plaintiff give them his key for the premises. Plaintiff directed them to key ring in the residence that had numerous keys.  Frazer then claimed that Plaintiff did not give her the "right key" and instructed Alleyne to arrest Plaintiff.  If there was probable cause to arrest Plaintiff, they would have arrested him when they arrived, rather than serving the TRO.  Alleyne lied at the TRO hearing about the facts of the investigation and the arrest.

27.     Considering that there was no action by Plaintiff that arguably could be considered criminal, while he was being arrested, Plaintiff asked Alleyne why he was being arrested.  Alleyne responded that he did not know, but that Plaintiff would find out at the police station.  Alleyne handcuffed Plaintiff with his hands behind his back.

28.     Plaintiff's residence was an apartment in an apartment building. While exiting the building and while Plaintiff's hands were handcuffed behind his back, Alleyne and Frazer forced Plaintiff's head into the metal door and door frame to exit the apartment building.  Alleyne pulled him and Frazer pushed him into the metal door and frame.  Plaintiff was not resisting arrest and was not charged with resisting arrest.   Plaintiff could not prevent this assault nor could he extend his hands to lessen the blow.   As a result of the assault, Plaintiff was knocked unconscious and was bleeding.  He was transported to the emergency room of East Orange General Hospital.  After he was discharged from the emergency room, Plaintiff was put in jail.  Alleyne later lied at the TRO hearing testifying that Plaintiff walked into the door on his own volition.  Police officers do not permit arrested and handcuffed suspects walk and leave a building unattended to.

29.     The Complaint-Summons was prepared by and certified by Alleyne on February 17, 2021.  The Complaint-Summons contains willfully false information and intentionally omits mitigating

factors. The Complaint falsely states that Plaintiff engaged in a course of alarming conduct with the purpose to "alarm or seriously annoy" his then spouse specifically by "tampering with the stove by turning off the gas and the heat and later denying his then spouse access to the kitchen to cook, and also throwing the food that she did cook away in the garbage". The summons asserts that this conduct violates N.J.S.A. 2c:33-4B a petty disorderly persons offense.

30.     The Complaint-Summons also falsely states that Plaintiff "knowingly and purposely neglect a legal duty for the care of a child who has assumed the responsibility for the care of a child who cause the child harm specifically by throwing the food their mother [] cooked in the garbage, and turning off the heat in the apartment allowing the residency to get cold while his room is warm with a portable heater". The summons asserts that this conduct violates N.J.S.A. 2C:24-4A (2) a crime of the third degree. When the police first arrived, Plaintiff's children were sleeping in their bedroom, which was heated. It is not criminal conduct to turn down the heat in the living room during sleeping hours to conservation energy and costs.

31.     The Complaint-Warrant and Affidavit of Probable Cause was prepared by Antoine on February 18, 2021. The Complaint-Warrant and Affidavit of Probable Cause contains willfully false information and intentionally omits mitigating factors.

32.     The Complaint-Warrant also falsely states that Plaintiff "knowingly and purposely recklessly engages in conduct which creates a substantial risk of serious bodily injury to another person specifically by turning off the heat and gas to the apartment allowing the residence to get cold with his three juvenile children living there, and later discarding the food that their mother [] cooked in the garbage to refrain them from eating in violation of N.J.S.A. 2C:24-7A(2) AA crime of the Fourth Degree".

33.     The Affidavit of Probable Cause 2C:24-7.1A(2); 2C:33-4C, and 2C:24-4A(2). As evident, a charge was added the next day after the police became aware of the serious nature of Plaintiff's injures incurred during the illegal arrest.

34.    In the Affidavit of Probable Cause, Antoine falsely stated that there was a smell of gas emanating from the residence.  In the Affidavit of Probable Cause, Antoine falsely stated that the Fire Department deemed that the stove was "tampered" with.  On two (2) occasions, the Fire Department determined that there was no gas issue at the residence.  In fact, it was Ms. Nduagubu who took out the burners from the stove for ordinary cleaning.  The burners were drying.   In the Affidavit of Probable Cause, Antoine also stated that Plaintiff threw away two (2) day old rice and chicken that his then spouse prepared two (2) days earlier.

35.    Not only does the Criminal Complaint and Affidavit of Probable Cause list false information, no objective reasonable officer would deem the facts, even if true, to establish probable cause of the charges brought. It is simply not a crime to throw left-over food in the garbage.  Even assuming that Plaintiff (and not his spouse) removed a burner from the stove, there is nothing wrong with doing so in one's residence (especially for cleaning purposes), especially considering the Fire Department deemed the stove to not be a hazard.  Such behavior does not constitute "tampering" and does not support the Defendants' inference that Nduagubu was tampering with the stove to cause harm to others.

36.    After the first criminal court appearance, on February 19, 2021, assistant Essex County Prosecutor Matthew Funk moved for pre-trial detention for Plaintiff by falsely, and without a basis, claiming that he will not appear in court as required, that he poses a danger to other persons, and/or that he will obstruct or attempt to obstruct justice or threaten, injure or intimidate or attempt to threaten, injure or intimidate a prospective witness or juror.  When such a pre-trial detention motion is filed, a pre-detention hearing must be held within three (3) working days. This did not take place.

37.    On February 25, 2021, after assistant Essex County Prosecutor Dana Kutzleb argued in favor of Fink's motion for pre-trial detention.  The Court, however, denied the motion and ordered the release of Plaintiff.  The Court noted that Plaintiff has no criminal record, has ties to the

community, is employed at Atlantic Health Systems and provides for his three (3) children.  The Court also noted the dismissed restraining order brought by Plaintiff's then spouse.

38. Plaintiff was incarcerated at the Essex County Correctional Facility from February 18, 2021, to February 25, 2021, for alleged petty charges (which were in fact fabricated). Such a length of incarceration violated New Jersey law on pre-trial detention.

39. On February 17, 2021, the New Jersey Department of Children and Families received an allegation of abuse/ neglect pertaining to Plaintiff's care of his two (2) children.  After conducting an investigation, the New Jersey Department of Children and Families determined that the allegation was not established.

40. All criminal charges against Plaintiff were later dismissed in Plaintiff's favor.

41. Due to the conduct, Plaintiff suffered personal injury, economic harm, emotional harm, and embarrassment.  He also suffered damages to his professional reputation, at his employment at the hospital, and a disciplinary action was taken against his professional license due to the false allegations brough against him.  Like the criminal case, the disciplinary action was also dismissed, but Plaintiff had to overlay costs to defend himself.

## VI. CLAIMS
### COUNT I
### PLAINTIFF V. ALL DEFENDANTS
### MALICIOUS PROSECUTION under 42 U.S.C 1983

42. Plaintiff incorporates by reference herein as though recited verbatim at length the allegations of the preceding paragraphs.

43. Defendants, acting under color of state law, instituted criminal proceedings against Plaintiff without probable cause and with malice, in violation of Plaintiff's constitutional rights by, inter alia, intentionally omitting, and falsifying information in the Criminal Summons, Complaint and Affidavit of Probable Cause warrant to "fit" the crimes, which did not occur.

44.     The criminal proceedings were terminated in favor of Plaintiff.

45.     Defendants knew that the criminal charges against Plaintiff were unwarranted.

46.     Defendants at all times knew that New Jersey laws do not enforce a code of civil behavior, proper manners, or mere expression and that an alleged victim's subjective assertion alone that he or she felt harassed is insufficient arrest or charge someone with harassment . Alternatively, if Defendant officers were not aware of the foregoing, then it is clear that Irvington Township and Essex County's training and policy fell woefully short and led to constitutional violation.

47.     Defendants at all times knew that New Jersey case law makes clear that the mere acts throwing left over food in the trash and lowering the heat in the living room during sleeping hours, without more, is not harassment as a matter of law.

48.     As a direct and proximate result of the actions of Defendants, Plaintiff was confined against his will, expended monies including attorneys' fees in defense of the criminal charges against him and has suffered adverse employment actions.

49.     Plaintiff was also deprived of his liberty.

50.     The above actions of the defendants were as a result of the policies, practices and/or customs of Essex County, Irvington Township, and Irvington Police Department.

51.     The actions of Defendants aforesaid constitute malicious prosecution, in violation of Plaintiff's Fourth, Fifth, and Fourteenth Amendment rights.

WHEREFORE, Plaintiff respectfully requests this Honorable Court:

      a.     Enter a declaratory judgement that Defendant's acts complained of herein have violated and continue to violate the rights of the Plaintiff.

      b.     Award Plaintiff compensatory damages including but not limited to: pain, suffering, past economic loss, back pay, front pay, loss of life's pleasures, loss of reputation, benefits, emotional distress and other damages;

      c.     Award reasonable costs and attorneys' fees;

      d.     Award punitive damages; and

      e.      Grant any other relief this Court deems just and proper under the circumstances.

## COUNT II

## PLAINTIFF V. ALL DEFENDANTS

## FALSE ARREST under 42 U.S.C. 1983

52.    Plaintiff incorporates by reference herein as though recited verbatim at length the allegations of the preceding paragraphs

53.    Defendants, acting under color of state law, caused Plaintiff to be arrested without probably cause for said arrest.

54.    Defendants, acting under color of state law, instituted criminal proceedings against Plaintiff without probable cause and with malice, in violation of Plaintiff's constitutional rights by, inter alia, intentionally omitting, and falsifying information in the Criminal Summons, Complaint and Affidavit of Probable Cause warrant to "fit" the crimes, which did not occur.

55.    The criminal proceedings were terminated in favor of the Plaintiff.

56.    Defendants knew that the criminal charges against Plaintiff were unwarranted.

57.    As a direct and proximate result of the actions of Defendants, Plaintiff was confined against his will, expended monies including attorneys' fees in defense of the criminal charges against him and has suffered adverse employment actions.

58.    Plaintiff was also deprived of his liberty. Defendants at all times knew that New Jersey laws do not enforce a code of civil behavior, proper manners, or mere expression and that an alleged victim's subjective assertion alone that he or she felt harassed is insufficient arrest or charge someone with harassment . Alternatively, if Defendant officers were not aware of the foregoing, then it is clear that Irvington Township and Essex County's training and policy fell woefully short and led to constitutional violation.

59.     Defendants at all times knew that New Jersey case law makes clear that the mere acts throwing left over food in the trash and lowering the heat in the living room during sleeping hours, without more, is not harassment as a matter of law.

60.     As a direct and proximate result of the actions of Defendants, Plaintiff was confined against his will, expended monies including attorneys' fees in defense of the criminal charges against him and has suffered adverse employment actions.

61.     The above actions of the defendants were as a result of the policies, practices and/or customs of Essex County, Irvington Township, and the Irvington Township Police Department.

62.     The actions of Defendants aforesaid constitute malicious prosecution, in violation of Plaintiff's Fourth, Fifth, and Fourteenth Amendment rights.

WHEREFORE, Plaintiff respectfully requests this Honorable Court:

      a.     Enter a declaratory judgement that Defendant's acts complained of herein have violated and continue to violate the rights of the Plaintiff.

      b.     Award Plaintiff compensatory damages including but not limited to: pain, suffering, past economic loss, back pay, front pay, loss of life's pleasures, loss of reputation, benefits, emotional distress and other damages;

      c.     Award reasonable costs and attorneys' fees;

      d.     Award punitive damages; and

      e.     Grant any other relief this Court deems just and proper under the circumstances.

## COUNT III

### PLAINTIFF V. ALL DEFENDANTS

### FALSE IMPRISONMENT under 42 U.S.C. 1983

63.     Plaintiff incorporates by reference herein as though recited verbatim at length the allegations of the preceding paragraphs.

64.   Defendants, acting under color of state law, instituted criminal proceedings against Plaintiff without probably cause and with malice, in violation of Plaintiff's constitutional rights by, inter alia, intentionally omitting and falsifying information in the Criminal Summons, Complaint and Affidavit of Probable Cause warrant to "fit" the crimes, which did not occur.

65.   The criminal proceedings were terminated in favor of the Plaintiff.

66.   Defendants knew that the criminal charges against Plaintiff were unwarranted.

67.   As a direct and proximate result of the actions of Defendants, Plaintiff was confined against his will, expended monies including attorneys' fees in defense of the criminal charges against him and has suffered adverse employment actions.

68.   Plaintiff was also deprived of his liberty.

69.   Plaintiff was also deprived of his liberty. Defendants at all times knew that New Jersey laws do not enforce a code of civil behavior, proper manners, or mere expression and that an alleged victim's subjective assertion alone that he or she felt harassed is insufficient arrest or charge someone with harassment. Alternatively, if Defendant officers were not aware of the foregoing, then it is clear that Irvington Township and Essex County's training and policy fell woefully short and led to constitutional violation.

70.   Defendants at all times knew that New Jersey case law makes clear that the mere acts throwing left over food in the trash and lowering the heat in the living room during sleeping hours, without more, is not harassment as a matter of law.

71.   Plaintiff was incarcerated at the Essex County Correctional Facility from February 18, 2021, to February 25, 2021, for alleged petty charges (which were in fact fabricated). Such a length of incarceration violated New Jersey law on pre-trial detention.

72.   The above actions of the defendants were as a result of the policies, practices and/or customs of Essex County, Irvington Township, and the Irvington Township Police Department.

73.   The actions of Defendants aforesaid constitute malicious prosecution, in violation of Plaintiff's Fourth, Fifth, and Fourteenth Amendment rights.

WHEREFORE, Plaintiff respectfully requests this Honorable Court:

    a.     Enter a declaratory judgement that Defendant's acts complained of herein have violated and continue to violate the rights of the Plaintiff.

    b.     Award Plaintiff compensatory damages including but not limited to: pain, suffering, past economic loss, back pay, front pay, loss of life's pleasures, loss of reputation, benefits, emotional distress and other damages;

    c.     Award reasonable costs and attorneys' fees;

    d.     Award punitive damages; and

    e.     Grant any other relief this Court deems just and proper under the circumstances.

## COUNT IV

### EXCESSIVE FORCE under 42 U.S.C. 1983

74.    Plaintiff incorporates by reference herein as though recited verbatim at length the allegations of the preceding paragraphs.

75.    While exiting the apartment building and while Plaintiff's hands were handcuffed behind his back, Alleyne and Frazer forced Plaintiff's head into the metal door and door frame to exit the apartment building.  Alleyne pulled him and Frazer pushed him into the metal door and frame.  Plaintiff was not resisting arrest and was not charged with resisting arrest.   Plaintiff could not prevent this assault, nor could he extend his hands to lessen the blow.   As a result of the assault, Plaintiff was knocked unconscious and was bleeding.  He was transported to the emergency room of East Orange General Hospital.

76.    This treatment of the Plaintiff was without provocation and unreasonable, and was a direct result of custom, policy, and practice.

77.    At all times, the Defendant police officers were acting under color of state law and knew that their conduct was objectively was objectively unreasonable, deliberately indifferent, and malicious.

WHEREFORE, Plaintiff respectfully requests this Honorable Court:

      a.      Enter a declaratory judgement that Defendant's acts complained of herein have violated and continue to violate the rights of the Plaintiff.

      b.      Award Plaintiff compensatory damages including but not limited to: pain, suffering, past economic loss, back pay, front pay, loss of life's pleasures, loss of reputation, benefits, emotional distress and other damages;

      c.      Award reasonable costs and attorneys' fees;

      d.      Award punitive damages; and

      e.      Grant any other relief this Court deems just and proper under the circumstances.

### COUNT V

### PLAINTIFF V. ALL DEFENDANTS

### FAILURE TO SUPERVISE under 42 U.S.C. 1983

78.    Plaintiff incorporates by reference herein as though recited verbatim at length the allegations of the preceding paragraphs.

79.    Defendants were responsible for supervising, overseeing, and controlling their subordinates.

80.    Essex County, Irvington Township, the Irvington Township Police Department, and the supervising officers failed to adequately supervise, control, oversee and monitor.  They were aware that the arrest and detention of Plaintiff were illegal, but failed to take adequate measures to resolve the wrongs.  They also failed to supervise, control, oversee, monitor and ensure that the pre-detention hearing was scheduled in the time period allowed by New Jersey law.

81.    As a direct and proximate result of the actions of Defendants, Plaintiff was confined against his will, expended monies including attorneys' fees in defense of the criminal charges against him and has suffered adverse employment actions.

WHEREFORE, Plaintiff respectfully requests this Honorable Court:

      a.      Enter a declaratory judgement that Defendant's acts complained of herein have violated and continue to violate the rights of the Plaintiff.

b.    Award Plaintiff compensatory damages including but not limited to: pain, suffering, past economic loss, back pay, front pay, loss of life's pleasures, loss of reputation, benefits, emotional distress and other damages;

c.    Award reasonable costs and attorneys' fees;

d.    Award punitive damages; and

e.    Grant any other relief this Court deems just and proper under the circumstances.

## COUNT VI
## MONELL CLAIM

82.    Plaintiff incorporates by reference herein as though recited verbatim at length the allegations of the preceding paragraphs.

83.    The above actions of the individual defendants violate clearly established constitutional rights.

84.    The above actions of the defendants were as a result of the policies, practices and/or customs of Essex County, Irvington Township, and the Irvington Township Police Department.

85.    The individual Defendants in this action, were aware at all times alleged in this Complaint that their unconstitutional conduct would not be investigated or questioned, and that they would receive no reprimand or be punished for their conduct.  The individual Defendants in this action, were aware at all times alleged in this Complaint that their unconstitutional conduct would not be investigated or questioned, that they would receive no reprimand or be punished for their conduct and, further, that they would be indemnified from civil liability regardless of the illegality or unconstitutionality of their actions.

86.    By failing to supervise, train, and reprimand such Police Officers and Municipal Prosecutors, such as the individual Defendants in this action, County caused the injuries to Plaintiff through the actions and inactions of the individual Defendants.

87.    Upon information and belief, it was the custom, policy, and practice of Essex County, Irvington Township, and the Irvington Township Police Department to harm and "teach a lesson" to alleged perpetrators of domestic violence and harassment.  This is done by arranging for TROs to remove

these alleged perpetrators from their lawful homes and by using "street justice" by physically

harming these alleged perpetrators to "teach them a lesson". Here, without a basis and through

falsehoods, the individual Defendants help secure a TRO against the Plaintiff. When the TRO

was served on the Plaintiff, the individual officers used a pre-text that he turned over the wrong

key to the apartment to arrest him. If there was probable cause to arrest him, they would have

arrested him when arrived they arrived, rather than serving the TRO. After handcuffing his hands

behind his back, the individual defendants attempted to "teach Plaintiff a lesson" by bashing his

head into the door and door frame on the way out of the apartment building. These officers were

not disciplined for their assault as it was the culture and practice of the department.

88.    Upon information and belief, it was the custom, policy, and practice of Essex County, Irvington

Township, and the Irvington Township Police Department to authorize and permit certain Police

Officers and Municipal Prosecutors, including the individual Defendants, to cause unlawful

detentions, to allow detentions to exceed the time allowed under the law, and continue to

prosecute offenses after probable cause is vitiated, which is responsible for the violation of

Plaintiff's civil rights. Knowing that the false charges against Plaintiff would be dismissed,

pursuant to the culture, custom, policy, and practice of Essex County, Irvington Township, and

the Irvington Township Police Department, the individual Defendants made Plaintiff sit in jail

from February 18, 2021, to February 25, 2021, as another method to "teach a lesson" to an

alleged domestic abuser. Such a length of incarceration violated New Jersey law on pre-trial

detention.

89.    Essex County, Irvington Township, and the Irvington Township Police Department's failure to

take action against its Police Officers and/or Municipal Prosecutors involved in this incident, and

in other similar incidents, was part of a custom, practice, and procedure of neglect and deliberate

indifference that directly caused the injuries to Plaintiff.

90.    These customs, policies, and practices enforced by Defendants were the moving force, proximate

cause, and/or affirmative link behind the conduct causing Plaintiff's injuries. As a direct and

proximate result of the actions of Defendants, Plaintiff was confined against his will, expended monies including attorneys' fees in defense of the criminal charges against him and has suffered adverse employment actions.

91.    Essex County, Irvington Township, and the Irvington Township Police Department are therefore liable for violations of Plaintiff's constitutional rights as caused by its/their employees, as described in more detail in the paragraphs herein, and Plaintiff has suffered damages therefrom.

WHEREFORE, Plaintiff respectfully requests this Honorable Court:

    a.    Enter a declaratory judgement that Defendant's acts complained of herein have violated and continue to violate the rights of the Plaintiff.

    b.    Award Plaintiff compensatory damages including but not limited to: pain, suffering, past economic loss, back pay, front pay, loss of life's pleasures, loss of reputation, benefits, emotional distress and other damages;

    c.    Award reasonable costs and attorneys' fees;

    d.    Award punitive damages; and

    e.    Grant any other relief this Court deems just and proper under the circumstances.

## COUNT VII

### VIOLATION OF PLAINTIFF'S SUBSTANTIVE DUE PROCESS (1983) AGAINST ALL DEFENDANTS

92.    Plaintiff incorporates by reference herein as though recited verbatim at length the allegations of the preceding paragraphs.

93.    As a result of the facts alleged herein, Plaintiff was denied his substantive rights under the United States Constitution.

94.    Defendants abused process by continuously depriving Plaintiff of his substantive rights under the United States Constitution when they had full knowledge that their actions were unlawful and that Plaintiff was innocent of the charge lodged against him.

95.    As a direct and proximate result of the actions of Defendants, Plaintiff was confined against his will, expended monies including attorneys' fees in defense of the criminal charges against him and has suffered adverse employment actions.

WHEREFORE, Plaintiff respectfully requests this Honorable Court:

    a.    Enter a declaratory judgement that Defendant's acts complained of herein have violated and continue to violate the rights of the Plaintiff.

    b.    Award Plaintiff compensatory damages including but not limited to: pain, suffering, past economic loss, back pay, front pay, loss of life's pleasures, loss of reputation, benefits, emotional distress and other damages;

    c.    Award reasonable costs and attorneys' fees;

    d.    Award punitive damages; and

    e.    Grant any other relief this Court deems just and proper under the circumstances.

## COUNT VIII

### VIOLATION OF PLAINTIFF'S PROCEDURAL DUE PROCESS (1983) AGAINST ALL DEFENDANTS

96.    Plaintiff incorporates by reference herein as though recited verbatim at length the allegations of the preceding paragraphs.

97.    Defendants initially detained and/or continued the detention of Plaintiff without proper due process.

98.    As a result of this detention, Plaintiff was denied his procedural right under the Untied States Constitution.

99.    As a direct and proximate result of the actions of Defendants, Plaintiff was confined against his will, expended monies including attorneys' fees in defense of the criminal charges against him and has suffered adverse employment actions.

WHEREFORE, Plaintiff respectfully requests this Honorable Court:

    a. Enter a declaratory judgement that Defendant's acts complained of herein have violated and continue to violate the rights of the Plaintiff.

    b. Award Plaintiff compensatory damages including but not limited to: pain, suffering, past economic loss, back pay, front pay, loss of life's pleasures, loss of reputation, benefits, emotional distress and other damages;

    c. Award reasonable costs and attorneys' fees;

    d. Award punitive damages; and

    e. Grant any other relief this Court deems just and proper under the circumstances.

## COUNT IX

## CONSPIRACY TO VIOLATE CIVIL RIGHTS, 42 U.S.C. 1985 AGAINST ALL DEFENDANTS

100. Plaintiff incorporates by reference herein as though recited verbatim at length the allegations of the preceding paragraphs.

101. Upon information and belief, it was the custom, policy, and practice of Essex County, Irvington Township, and the Irvington Township Police Department to harm and "teach a lesson" to alleged perpetrators of domestic violence and harassment. This is done by arranging for TROs to remove these alleged perpetrators from their lawful homes and by using "street justice" by physically harming these alleged perpetrators to "teach them a lesson". Here, without a basis and through falsehoods, the individual Defendants help secure a TRO against the Plaintiff. When the TRO was served on the Plaintiff, the individual officers used a pre-text that he turned over the wrong key to the apartment to arrest him. If there was probable cause to arrest him, they would have arrested him when they arrived, rather than serving the TRO. After handcuffing his hands behind his back, the individual defendants attempted to "teach Plaintiff a lesson" by bashing his head

into the door and door frame on the way out of the apartment building.  These officers were not

disciplined for their assault as it was the culture and practice of the department.

102.    Upon information and belief, it was the custom, policy, and practice of Essex County, Irvington

Township, and the Irvington Township Police Department to authorize and permit certain Police

Officers and Municipal Prosecutors, including the individual Defendants, to cause unlawful

detentions, to allow detentions to exceed the time allowed under the law, and continue to

prosecute offenses after probable cause is vitiated, which is responsible for the violation of

Plaintiff's civil rights.  Knowing that the false charges against Plaintiff would be dismissed,

pursuant to the culture, custom, policy, and practice of Essex County, Irvington Township, and

the Irvington Township Police Department, the individual Defendants made Plaintiff sit in jail

from February 18, 2021, to February 25, 2021, as another method to "teach a lesson" to an

alleged domestic abuser. Such a length of incarceration violated New Jersey law on pre-trial

detention.

103.    Defendants conspired to violate Plaintiff's civil rights as set forth in this Complaint.

As a direct and proximate result of the actions of Defendants, Plaintiff was confined against his

will, expended monies including attorneys' fees in defense of the criminal charges against him

and has suffered adverse employment actions.

WHEREFORE, Plaintiff respectfully requests this Honorable Court:

    a.    Enter a declaratory judgement that Defendant's acts complained of herein have

        violated and continue to violate the rights of the Plaintiff.

    b.    Award Plaintiff compensatory damages including but not limited to: pain, suffering,

        past economic loss, back pay, front pay, loss of life's pleasures, loss of reputation,

        benefits, emotional distress and other damages;

    c.    Award reasonable costs and attorneys' fees;

    d.    Award punitive damages; and

    e.    Grant any other relief this Court deems just and proper under the circumstances.

## COUNT X

## COMMON LAW MALICIOUS PROSECUTION AGAINST ALL DEFENDANTS

104.    Plaintiff incorporates by reference herein as though recited verbatim at length the allegations of the preceding paragraphs.

105.    Defendants recklessly instituted criminal proceedings and/or caused criminal proceedings to be initiated against Plaintiff without probable cause or reasonable basis and with malice in violation of Plaintiff's common law and constitutional rights.

106.    The criminal proceedings were terminated in favor of Plaintiff.

107.    Defendants knew that the criminal charges against Plaintiff were unwarranted.

108.    Defendants at all times knew that New Jersey laws do not enforce a code of civil behavior, proper manners, or mere expression and that an alleged victim's subjective assertion alone that he or she felt harassed is insufficient arrest or charge someone with harassment. Alternatively, if Defendant officers were not aware of the foregoing, then it is clear that Irvington Township and Essex County's training and policy fell woefully short and led to constitutional violation.

109.    Defendants at all times knew that New Jersey case law makes clear that the mere acts throwing left over food in the trash and lowering the heat in the living room during sleeping hours, without more, is not harassment as a matter of law.

110.    The action of the Defendants were the result of the policies, customs, practices and culture of the Essex County, Irvington Township, and the Irvington Township Police Department, including "teaching a lesson" to alleged perpetrators of domestic abuse.

111.    The actions of the Defendants constitute false arrest, illegal arrest, false imprisonment and excess force in violation of Plaintiff's Fourth, Fifth, and Fourteenth Amendment rights.

112. As a direct and proximate result of the actions of Defendants, Plaintiff was confined against his will, expended monies including attorneys' fees in defense of the criminal charges against him and has suffered adverse employment actions.

113. Plaintiff was also deprived of his liberty.

WHEREFORE, Plaintiff respectfully requests this Honorable Court:

   a. Enter a declaratory judgement that Defendant's acts complained of herein have violated and continue to violate the rights of the Plaintiff.

   b. Award Plaintiff compensatory damages including but not limited to: pain, suffering, past economic loss, back pay, front pay, loss of life's pleasures, loss of reputation, benefits, emotional distress and other damages;

   c. Award reasonable costs and attorneys' fees;

   d. Award punitive damages; and

   e. Grant any other relief this Court deems

## COUNT XI

## COMMON LAW FALSE ARREST AGAINST ALL DEFENDANTS

114. Plaintiff incorporates by reference herein as though recited verbatim at length the allegations of the preceding paragraphs.

115. Defendants recklessly arrested Plaintiff and instituted criminal proceedings and/or caused criminal proceedings to be initiated against Plaintiff without probable cause or reasonable basis and with malice in violation of Plaintiff's common law and constitutional rights.

116. The criminal proceedings were terminated in favor of Plaintiff.

117. Defendants knew that the criminal charges against Plaintiff were unwarranted.

118. Defendants knew that the criminal charges against Plaintiff were unwarranted.

119. Defendants at all times knew that New Jersey laws do not enforce a code of civil behavior, proper manners, or mere expression and that an alleged victim's subjective assertion alone that he or she

felt harassed is insufficient arrest or charge someone with harassment . Alternatively, if Defendant officers were not aware of the foregoing, then it is clear that Irvington Township and Essex County's training and policy fell woefully short and led to constitutional violation.

120.    Defendants at all times knew that New Jersey case law makes clear that the mere acts throwing left over food in the trash and lowering the heat in the living room during sleeping hours, without more, is not harassment as a matter of law.

121.    The action of the Defendants were the result of the policies, customs, practices and culture of the Essex County, Irvington Township, and the Irvington Township Police Department, including "teaching a lesson" to alleged perpetrators of domestic abuse.

122.    The actions of the Defendants constitute false arrest, illegal arrest, false imprisonment and excess force in violation of Plaintiff's Fourth, Fifth, and Fourteenth Amendment rights.

123.    As a direct and proximate result of the actions of Defendants, Plaintiff was confined against his will, expended monies including attorneys' fees in defense of the criminal charges against him and has suffered adverse employment actions.

124.    Plaintiff was also deprived of his liberty.

WHEREFORE, Plaintiff respectfully requests this Honorable Court:

a.    Enter a declaratory judgement that Defendant's acts complained of herein have violated and continue to violate the rights of the Plaintiff.

b.    Award Plaintiff compensatory damages including but not limited to: pain, suffering, past economic loss, back pay, front pay, loss of life's pleasures, loss of reputation, benefits, emotional distress and other damages;

c.    Award reasonable costs and attorneys' fees;

d.    Award punitive damages; and

e.    Grant any other relief this Court deems

## COUNT XII

## COMMON LAW FALSE IMPRISONMENT AGAINST ALL DEFENDANTS

125.     Plaintiff incorporates by reference herein as though recited verbatim at length the allegations of the preceding paragraphs.

126.     Defendants recklessly instituted criminal proceedings and/or caused criminal proceedings to be initiated against Plaintiff without probable cause or reasonable basis and with malice in violation of Plaintiff's common law and constitutional rights.

127.     The criminal proceedings were terminated in favor of Plaintiff.

128.     Defendants knew that the criminal charges against Plaintiff were unwarranted.

129.     The action of the Defendants were the result of the policies, customs, practices and culture of the Essex County, Irvington Township, and the Irvington Township Police Department, including "teaching a lesson" to alleged perpetrators of domestic abuse.

130.     The actions of the Defendants constitute false arrest, illegal arrest, false imprisonment, and excess force in violation of Plaintiff's Fourth, Fifth, and Fourteenth Amendment rights.

131.     As a direct and proximate result of the actions of Defendants, Plaintiff was confined against his will, expended monies including attorneys' fees in defense of the criminal charges against him and has suffered adverse employment actions.

132.     Plaintiff was also deprived of his liberty.

WHEREFORE, Plaintiff respectfully requests this Honorable Court:

a.   Enter a declaratory judgement that Defendant's acts complained of herein have violated and continue to violate the rights of the Plaintiff.

b.   Award Plaintiff compensatory damages including but not limited to: pain, suffering, past economic loss, back pay, front pay, loss of life's pleasures, loss of reputation, benefits, emotional distress and other damages;

c.   Award reasonable costs and attorneys' fees;

d.   Award punitive damages; and

e.       Grant any other relief this Court deems.

## JURY TRIAL DEMAND

Plaintiff hereby demands a trial by jury on all issues so triable.

Respectfully submitted,

/s/ Matthew Moroney, Esq.
Matthew Moroney, Esq.
Goldberg, Miller, and Rubin P.C.
155 Passaic Avenue, Suite 410
Fairfield, NJ 07004
mmoroney@gmrlawfirm.com